UNITED STATES

v.

Private (E–2) Tommy L. CROOM, Jr., 587–76–0458, U. S. Army, Company B, 1st Battalion, 11th Infantry, 4th Infantry Division (Mechanized), Fort Carson, Colorado.

SPCM 11487.

U. S. Army Court of Military Review.

29 Oct. 1975.

9. (No. 30,329) 23 U.S.C.M.A. 537, 50 C.M.R. 708, 1 M.J. 92 (1975).

Appearances: Appellate counsel for the Accused: CPT Lawrence E. Wzorek, JAGC; MAJ Richard J. Goddard, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC. Appellate counsel for the United States: Appearance waived.

## OPINION OF THE COURT

FELDER, Judge:

The appellant was convicted of failure to repair and disrespect to a commissioned officer pursuant to a guilty plea, and willful disobedience and disrespect to a noncommissioned officer contrary to a plea of not guilty.

Twice during the trial the defense counsel moved to dismiss one of the latter two charges because they were multiplicious for findings purposes. The trial judge denied the motion on both occasions and we shall address the propriety of his ruling.

The evidence concerning these offenses indicates that the appellant was marching in a platoon size formation with his hands in his pockets. The acting platoon sergeant ordered him several times to remove his hands from his pockets. The appellant failed to immediately comply with the order and responded, "I don't have to take my hand out of my pockets and you don't tell *me* what to do, you ask me." This incident resulted in the appellant being convicted of willful disobedience of an order issued by a

superior noncommissioned officer and being disrespectful in language toward the same noncommissioned officer.

A single template by which to determine in all instances whether a particular act of misconduct may be chargeable as one or separate offenses has not been successfully designed. Although an accused may be found guilty of two or more offenses without regard to whether they are separate, the well-recognized rule is that an unreasonable multiplication of charges for one act or omission should be avoided, unless there is sufficient doubt as to the facts or the law to warrant making one criminal transaction the basis for charging two or more offenses. Manual for Courts-Martial, United States, 1969 (Revised edition), paragraph 26*b* and 76a(5). This provision has been interpreted to allow multiplicious pleadings only to enable the Government to meet the exigencies of proof. *United States v. Middleton*, 12 U.S.C.M.A. 54, 58, 30 C.M.R. 54, 58 (1960); *United States v. Drexler*, 9 U.S.C.M.A. 405, 407, 26 C.M.R. 185, 187 (1958). When the necessity is not present, a multiplicious offense may be dismissed on motion or the findings of guilty may be disapproved before deliberation on sentence. *United States v. Williams*, 18 U.S.C.M.A. 78, 81, 39 C.M.R. 78, 81 (1968).

The offenses of willful disobedience and disrespect stand in the relationship of greater and lesser charges, when the evidence establishes that the disobedience occurred in a disrespectful manner. *United States v. Virgilito*, 22 U.S.C.M.A. 394, 396, 47 C.M.R. 331, 333 (1973).

The contemptuous language uttered by the appellant toward the acting platoon sergeant to express his intentional defiance of authority was the proof of his willful disobedience of the order issued by the sergeant. It is apparent there was no necessity to charge the appellant with two separate offenses. Therefore, we conclude that the act and omission by the appellant were so connected in circumstance, time and place that they merge into a single offense for findings purposes. Consequently, we

shall set aside the conviction of the less serious charge of being disrespectful in language to a noncommissioned officer and reassess the sentence.

At the heart of the issue of multiplicious pleadings is the principle that one shall not be twice punished for the same offense. *United States v. Smith*, 19 U.S.C.M.A. 55, 61, 37 C.M.R. 319, 325 (1967). The trial judge did not consider the offenses multiplicious for sentence purposes but recommended that the convening authority consider suspending the punitive discharge. The staff judge advocate advised the convening authority in the post-trial review to disregard the conviction of disrespect to a noncommissioned officer in determining an appropriate sentence. The convening authority approved the adjudged sentence without exercising clemency. We shall not disturb his decision.

The findings of guilty of Specification 3, Charge IV, is set aside and that charge is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the above-indicated error, our action herein, and the entire record, the Court affirms the sentence.

Senior Judge JONES and Judge O'DONNELL concur.