UNITED STATES, Appellee,

v.

Private First Class, Calvin HAYWOOD, SSN 256–86–5961, United States Army, Appellant.

SPCM 13142.

U. S. Army Court of Military Review.

27 Oct. 1978.

---

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Demmon F. Canner, JAGC, and Captain David L. Holmes, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Charles A. Cosgrove, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT ON RECONSIDERATION *

LEWIS, Judge:

The appellant, contrary to his pleas, was convicted of possession, transfer, and sale of marijuana in violation of Article 134, Uniform Code of Military Justice (10 U.S.C. § 934). His approved sentence included a bad-conduct discharge and confinement at hard labor for six months.

* Upon granting the Government's motion for reconsideration, the original decision of 31 July 1978 in this case was withdrawn.

1. Manual for Courts-Martial, United States, 1969 (Revised edition).

2. *United States v. Middleton,* 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960).

3. *United States v. Marine,* 17 U.S.C.M.A. 460, 38 C.M.R. 258 (1968); *United States v. Posnick,* 8 U.S.C.M.A. 201, 24 C.M.R. 11 (1957); *see also*

■ On appeal appellant alleges that the military judge committed error in failing to grant appellant's motion at trial to force the prosecution to elect between specifications 2 (transfer) and 3 (sale) of the charge. We disagree.

The initial defense motion to elect was made during arraignment. The prosecutor responded to the motion by stating that the prosecution was unable to determine which charge the evidence would sustain prior to its presentation. The judge properly denied the defense motion but advised he would reconsider the motion after the Government's evidence had been presented.

Following the presentation of all the evidence introduced at trial, the trial defense counsel again moved the court to require the prosecution to elect which of the two specifications their proof would sustain. The trial judge again denied the motion.

■ Paragraph 26*b* of the Manual [1] advises against one transaction or what is substantially one transaction being made the basis for an unreasonable multiplication of charges against one person. Also, the exaggeration of a single offense into many seemingly separate crimes may create the impression that the accused is a "bad character" and thereby lead the court-martial to resolve against him doubt created by the evidence. [2]

The underlying basis of the foregoing *Manual* provision is that one should not be twice punished for the same offense. [3] However, multiplicious pleading that charges a single criminal offense in different ways is permissible in order for the prosecution to meet exigencies of proof. [4]

*United States v. Smith,* 17 U.S.C.M.A. 55, 37 C.M.R. 319 (1967).

4. Paragraph 26*b*, MCM, *supra; United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968); *United States v. Middleton, supra; United States v. Drexler,* 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958); *United States v. Croom,* 1 M.J. 635 (A.C.M.R.1976).

A military criminal case passes from police and/or command investigation through preferral of charges to scrutiny by an investigating officer or a judge advocate or both to command consideration prior to referral. During this process, the outlines of the case and its factual and legal issues are clarified, and exigencies of proof diminish. Accordingly, it should be possible in the vast majority of cases to refine charges by the time of arraignment to such a degree as to call for pleas to only one specification for each criminal or disciplinary norm that is alleged to have been breached by the accused. Obviously, this progressive refinement cannot be achieved in every case and exigencies will remain.[5] In these cases, the Government should not be compelled to elect until the last exigency is conclusively resolved. Occasionally, when all of the evidence on findings is before the court and each side has rested, no exigency remains. In that event and upon motion by the accused, the judge should require an election before findings in order to narrow the issues for the finders of fact.[6]

In the case before us doubt as to whether payment was made could have remained since the CID money purportedly given by the undercover agent in exchange for the marijuana was never recovered. Accordingly, the judge did not err in denying the motion to force an election. We will, however, order specification 2 dismissed in our decretal paragraph.

The remaining allegations of error have been considered and are deemed to be without merit.

Specification 2 of the Charge is set aside, and that specification is dismissed. The remaining findings and the sentence are affirmed.

Senior Judge JONES concurs.

DeFORD, Judge, concurring in the result:

I agree that paragraph 26b of the Manual for Courts-Martial, United States, 1969 (Revised edition), provides that one transaction should not be made the basis for an unreasonable multiplication of charges. Multiplicious pleading is permitted only to meet the exigencies of proof.[1]

It has further been held that, upon timely objection, it is appropriate for the trial judge to dismiss a charge which duplicates another under these circumstances.[2] However, failure to object to multiplicious charges and specifications can constitute a waiver of any error arising from such pleadings.[3]

It is established that multiplicious pleadings which result in findings must not be reflected in the sentence adjudged by the court-martial.[4]

---

5. One such setting that comes immediately to mind is where the accused is charged with transfer and sale of a prohibited substance and raises the defense of agency. See United States v. Fruscella, 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971), and the cases cited therein.

6. Where there is any genuine issue as to the adequacy of proof of an offense, however, exigencies still exist, and a specification that is multiplicious with it should not be dismissed on the grounds of multiplicity. Trial findings of guilt to multiplicious specifications that were not appropriate for dismissal prior to findings would still not constitute final resolution of exigencies of proof inasmuch as the convening authority and, in many cases, this Court have fact-finding responsibilities and authority. Accordingly, the trial judge who grants a post-findings motion to dismiss such a specification risks dismissing the only finding that a reviewing authority could have sustained based upon his resolution of the exigencies. In cases re-

viewed by this Court, a similar risk attaches when a convening authority disapproves findings of guilty of such specifications.

1. Paragraph 26b, Manual for Courts-Martial, United States, 1969 (Revised edition); United States v. Williams, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968); United States v. Middleton, 12 U.S.C.M.A. 54, 30 C.M.R. 30 (1960); United States v. Drexler, 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958); United States v. Croom, 1 M.J. 635 (A.C.M.R.1976).

2. United States v. Williams, supra; United States v. Middleton, supra; United States v. Drexler, supra; United States v. Strand, 6 U.S.C.M.A. 297, 306, 20 C.M.R. 13, 22 (1955).

3. United States v. Williams, supra; United States v. Middleton, supra.

4. Id.

Multiplicious pleading has by its nature the tendency to create a "bad man" image of an accused before the court in some cases. As noted, precedent has also established that the only purpose for allowing that form of pleading is to accommodate exigencies of proof. It therefore appears that multiplicious pleadings should only be permitted in those unusual circumstances where the prosecution can show that they are unable to anticipate the evidence that will be submitted to the court-martial, and the evidence submitted to the court establishes that reason remains for the multiplicious charges or specifications to continue to exist.[5]

Here the evidence adduced at trial showed that a single criminal act was committed by this appellant. That evidence was sufficient to sustain a finding of guilty on either specification 2 (transfer) or specification 3 (sale).

The trial defense counsel on two occasions moved the court to require the prosecution to elect which of the two foregoing specifications they would rely upon for conviction. The trial judge refused to grant the motion.[6] I view the trial judge's failure to grant the defense counsel's motion to elect after all the evidence was before the court as error. The only evidence before the court was that a sale of marijuana had

taken place. The issue of transfer was not raised except as it was a part of the alleged sale. Accordingly, as there no longer remained any exigencies of proof, the trial judge should have dismissed the transfer specification after the evidence was before the court but prior to the submission of the case to the finders of fact.

Testing the error for prejudice I find none. The trial judge was presiding over a special court-martial in which the maximum punishment was limited by that court's jurisdiction. In addition, the trial judge properly instructed the court that the offenses of which the appellant was found guilty were multiplicious for punishment purposes and represented a single criminal transaction and should be so considered for purposes of determining an appropriate punishment. Accordingly, I join the majority in affirming the appellant's conviction of sale and possession of marijuana since they have ordered the transfer specification dismissed.

5. It appears to me that fairness to the accused requires that his alleged wrongful acts be set forth before the court-martial that judges his case in a true light in accordance with the actual legal norms of which it is alleged he is in violation. Paragraph 74b(4) of the Manual would appear at first glance to authorize the opposite procedure. However, when that paragraph is read in conjunction with paragraph 76 a(5) and the numerous military decisions in the past 30 years concerning the court's dissatisfaction with the *Blockburger rule* and its subsequent fragmentation by judicial caveat it becomes apparent that 74b(4) has been substantially undermined. *Cf. United States v. Mabry,* 2 M.J. 412 (A.C.M.R.1975), and cases cited therein.

Multiple charges arising from a single act and transaction have a tendency to confuse lay court members when they are required to make multiple findings on a single offense. I believe that sound judicial policy requires the trial judge to limit the finder of facts' decisional responsibility to the actual issues which are

raised by the charges and specifications and are supported by admissible evidence.

6. Where the trial judge is advised by a motion to elect or he otherwise perceives that the prosecution's case may be subject to conflicting theories such as occurred here, he should, after receipt of all evidence, require the prosecution to elect upon which of the conflicting charges or specifications they primarily are relying for conviction. If there is some evidence to support the secondary charges or specifications and the trial judge is satisfied that there is sufficient evidence to go to the finders of fact on both specifications, he should instruct the court that they may not convict the accused of both specifications. In such a case, he should have instructed them that they must first consider the primary specification and should consider the secondary specification only if they find insufficient proof that the accused committed the offense primarily relied upon by the Government for conviction. *Cf. United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976).