UNITED STATES, Appellee,

v.

Private E2 Steven E. SCHULTZ, SSN
527–96–3157, United States
Army, Appellant.

CM 439739.

U. S. Army Court of Military Review.

31 Oct. 1980.

Colonel Edward S. Adamkewicz, Jr., JAGC, Lieutenant Colonel John F. Lymburner, JAGC, Major Elliot J. Clark, Jr., JAGC, and Captain Charles E. Trant, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major Ted B. Borek, JAGC, Captain John T. Meixell, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

1. The military judge sitting as a general court-martial sentenced appellant to a dishonorable discharge, confinement at hard labor for five years, forfeiture of all pay and allowances, and

Before MITCHELL, DRIBBEN and WATKINS, Appellate Military Judges.

OPINION OF THE COURT

PER CURIAM:

Appellant pleaded guilty to 11 specifications involving heroin under a charge alleging a violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (1976).[1] Specification number 9 alleged sale of heroin on 30 November 1979. During the providence inquiry appellant told the court that he and a gentleman who had entered his car agreed that appellant would give the gentleman the heroin in exchange for 500 tablets of mandrax which the other gentleman was going to secure. Appellant gave the heroin to the gentleman, who was in fact, an undercover agent. The agent then got out of the automobile. His exit was the signal for other agents who arrested appellant.

Appellant attacks the providence of his plea contending that there was no sale since the consideration was not the payment of money or the promise to pay money and because no valuable consideration passed to appellant. We do not agree.

■ In the area of drug enforcement attempts to give a narrow meaning to the word "sale" have been singularly unsuccessful and the courts have stated it should be defined in its broadest terms in order to effectuate the intent of the legislature. *State v. Jacobson*, 15 Ariz.App. 604, 490 P.2d 433 (1971); *State v. Weissman*, 73 N.J. Super. 274, 179 A.2d 748 (1962). A barter or exchange is a form of sale. *Halquist v. State*, 489 S.W.2d 88 (Tenn.Cr.App.1972). There was a valuable consideration here, the agent's agreement to give appellant 500 Mandrax tablets in exchange for the heroin. When appellant gave the agent the heroin, the "sale" took place, a transfer of property for a valuable consideration within the

reduction to Private E–1. The convening authority reduced the confinement to three years but otherwise approved the sentence.

broad meaning of the word "sale" as used in narcotics offenses.[2]

The findings of guilty and the sentence are affirmed.

---

2. We are aware of those cases cited by appellate defense counsel for the proposition that no sale occurred. *See United States v. Breitung*, 13 C.M.R. 812 (A.B.R.1953); and *United States v. Walton*, 5 C.M.R. 813 (A.F.B.R.1952). We decline to follow those cases to the extent that they hold that the term sale requires a consideration in money.