UNITED STATES

v.

**Airman First Class Mark D. GAMBINI,
FR 466–15–4588 United States
Air Force.**

ACM 22708.

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 Dec. 1979.

Decided 22 Dec. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter, and Colonel Arthur E. Neuman, USAFR.

Before POWELL, MILES and MAHONEY, JJ.

## DECISION

MILES, Judge:

In this case, we (1) reaffirm that pretrial confinement issues may not be raised for the first time on appeal and (2) dismiss one offense as multiplicious. Additionally we reassess the sentence, both because the military judge erred in not instructing on the multiplicity of charged drug offenses and because the trial counsel improperly referred in sentence argument to an offense of which the accused had been acquitted.

The accused was convicted, despite his pleas, of willful disobedience of the lawful order of his superior commissioned officer and failing to obey a base regulation, violations of Articles 90 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892. Consistent with his pleas, he was also convicted of sale and possession of marijuana in the hashish form in violation of Article 134, Code *supra*, 10 U.S.C. § 934. He was acquitted of arson. The approved sentence extends to a bad conduct discharge, confinement at hard labor for four years, total forfeitures and reduction to airman basic.

## I

■ The first issue concerns the accused's pretrial confinement. Appellate defense counsel contend that the accused's pretrial confinement was unlawful because the hearing officer was not the staff judge advocate.[1] Counsel also contend that a portion of the pretrial confinement was not justified. However, no objection on these points was made at trial, and issues concerning pretrial confinement cannot be raised for the first time on appeal. *United States v. Rick*, 9 N.J. 776 (AFCMR 1980); *United States v. Blacquiere*, 9 M.J. 712 (AFCMR 1980), pet. denied, 9 M.J. 177 (CMA 1980).

## II

Appellate defense counsel assert various errors relating to accused's conviction for violation of Zweibrucken Air Base Regulation 39–4, Inspection Procedures and Standards for Airmen Dormitories. This regulation, *inter alia*, establishes visiting hours for dormitories on base and was issued by the Zweibrucken base commander. Appellate defense counsel contend the regulation is void for vagueness and that the military judge erred in not instructing the members of the court on various exceptions in the regulation. Our disposition renders these issues moot for counsel also assert, and we agree, that this offense should be dismissed as multiplicious with the willful disobedience offense.

The same officer under whose authority this regulation was issued also personally gave the order which was the subject of the willful disobedience offense. When he initially directed the accused's release from pretrial confinement, he personally ordered the accused not to enter the female dormitory on base. Within forty-eight hours, the accused disobeyed the order by entering the female dormitory and, due to the late hour of his visit, also violated the base regulation. Although the accused's act violated two orders by the same officer, it was still a single criminal act.

■ To meet the exigencies of proof, the government may properly allege one offense in separate ways. *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968). However, a Court of Military Review may, in its discretion and in the interests of justice, dismiss a multiplicious offense.[2] When one multiplicious offense is, in essence, a lesser included offense or merges into the more serious offense, dismissal is an appropriate remedy. *United States v. Stegall*, 6 M.J. 176 (CMA 1979); *United States v. Lovejoy*, 20 U.S.C.M.A. 18, 42 C.M.R. 210 (1970); *United States v. Haywood*, 6 M.J. 604 (ACMR 1978), pet. denied, 7 M.J. 158 (CMA 1979); *United States v. Croom*, 1 M.J. 635 (ACMR 1975); cf. *United States v. Williams, supra*.

■ In this case, we recognize that separate specifications were permissible. *United States v. Williams, supra*; Manual for Courts-Martial, 1969 (Rev.), paragraph 26*b*. However, in the interests of justice we elect to dismiss the visiting hours violation since that offense was subsumed or merged into

---

1. Appellate Government Counsel's Motion for Leave to File Electronic Message, dated 29 October 1980, is granted.

2. *See United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968); *United States v. Middleton*, 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960);

*United States v. Drexler*, 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958); *United States v. Haywood*, 6 M.J. 604 (ACMR 1978), pet. denied, 7 M.J. 158 (CMA 1979); *United States v. Arrington*, 5 M.J. 756 (ACMR 1978), pet. denied, 6 M.J. 46 (CMA 1978).

the more serious willful disobedience offense. *United States v. Lovejoy, supra; United States v. Williams, supra.* Accordingly, the findings of guilty of Additional Charge II are set aside and that charge is dismissed. No corrective action is necessary as to the sentence since the court members were fully instructed to consider the two offenses as a single offense. *United States v. Williams, supra.*

### III

 The offenses of sale and possession of marijuana for sale, to which the accused pled guilty, were also determined by the military judge to be multiplicious. *See United States v. Irving,* 3 M.J. 6 (CMA 1977); *United States v. Axley,* 1 M.J. 265 (CMA 1976). However, the military judge failed to instruct the court members as to their multiplicity and we therefore reassess the sentence. *United States v. Bridges,* 9 U.S.C.M.A. 121, 25 C.M.R. 383 (1958).

### IV

In reassessing the sentence, we have also considered the impact, though not objected to at trial, of the trial counsel's improper reference in the sentence argument to photos and diagrams. The only photos and diagrams in evidence concerned the charge of arson, and the accused was acquitted of this offense. Thus the comment was highly improper, but unlikely to have impacted significantly on the sentence in view of the fleeting nature of the comment.

### V

We have resolved the remaining errors assigned by appellate defense counsel adversely to the accused.

Reassessing the sentence on the basis of the findings of guilty, as modified, and in light of the errors discussed, we approve only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for three years, total forfeitures and reduction to airman basic. As modi-

fied, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHO-NEY, Judge, concur.