UNITED STATES

v.

**Airman First Class Donald W. GRAVES, FR 432–11–8473 United States Air Force.**

**ACM S25265.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 Feb. 1981.

Decided 16 Oct. 1981.

---

2. Surprisingly, neither the trial counsel nor the military judge ever asked the prosecutrix her marital status.

584

Appellate Counsel for the Accused: Colonel George R. Stevens, Captain G. Michael Lennon and Captain Michael A. McMurphy, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before MILES, KASTL and MILLER, Appellate Military Judges.

### DECISION

MILES, Senior Judge:

This case is flawed by an unreasonable multiplication of charges and the failure of the military judge to find certain offenses multiplicious for punishment purposes. We modify the findings by dismissing a willful disobedience offense and reassess the sentence.

Tried by a military judge, sitting as a special court-martial, the accused was convicted of willful disobedience of his superior commissioned officer's order, two specifications of failure to obey a noncommissioned officer's order, drunk driving, drunk on duty, assault on a security policeman, communicating a threat and disorderly conduct in violation of Articles 90, 92, 111, 112, 128 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 911, 912, 928, 934.* The approved sentence extends to a bad conduct discharge, confinement at hard labor for four months, forfeiture of $334.00 per month for six months and reduction to airman basic.

All of these offenses occurred on the same evening. To understand the multiplicity issues, a recitation of the facts is necessary.

### I

One evening, Sergeant Woods went into the Quartermaster's station to refuel a government vehicle. The accused was present there in uniform and apparently on duty. After talking with the accused for ten minutes, Woods concluded the accused was drunk. After leaving the fuels office, Sergeant Woods told Airman Hicks, a security policeman on law enforcement patrol,

to carefully observe the accused. Airman Hicks did so, and the situation in the fuels office was reported to Hick's supervisor. Airman Hicks was told by his supervisor to keep an eye on the accused and make sure he did not drive anywhere. When the accused drove away in a fuels truck, Airman Hicks followed and then apprehended the accused.

Staff Sergeant Scroggins, a security police supervisor, arrived shortly after the accused's apprehension. He advised the accused of his rights under Article 31, Code, 10 U.S.C. § 831, *supra*, and the accused made various incriminating statements. As a result of the accused's statements, a field sobriety test, and his own observation, Sergeant Scroggins concluded the accused was drunk. Subsequently, the accused was taken back to the fuels office and placed in police custody. Incident to a search, when the accused was in a "spread-eagle" position, the accused disregarded Sergeant Scroggins' order to move his feet further back. This was one of the failure to obey offenses. During the search, the accused also assaulted Scroggins by striking him in the chest.

After a blood alcohol test and a physical examination at the hospital, the accused was taken to the security police station. The remaining offenses occurred at the station when the accused disregarded orders by Sergeant Scroggins and Lieutenant Lake, a security police operations officer, to sit down. The threat by the accused to "get" Sergeant Scroggins also occurred at the police station. Both at the police station and the hospital, the accused's conduct was belligerent and contentious.

### II

At trial, the defense counsel, asserting an unreasonable multiplication, moved to dismiss various charges and also urged that various offenses were multiplicious for punishment purposes. The military judge denied the motions to dismiss and ruled that all offenses were separately punishable.

---

* The accused only pled guilty to communicating a threat and the lesser offense of assault and battery.

Addressing the initial defense position, we note that military law has long condemned the unreasonable multiplication of charges. *See United States v. Hughes*, 1 M.J. 346, 348, fn. 3 (C.M.A.1976); *United States v. Middleton*, 12 U.S.C.M.A. 54, 30 C.M.R. 54 (1960); *United States v. Drexler*, 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958). The Manual for Courts-Martial, 1969 (Rev.), paragraph 27*b* provides:

> One transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person. A person should not be charged with both disorderly conduct and assault if the disorderly conduct consisted in making the assault .... If a person willfully disobeys an order to do a certain thing, and persists in his disobedience when the same order is given by the same or other superior, a multiplication of charges of disobedience should be avoided.

The Court of Military Appeals recently recognized the possibility of prejudice to an accused, resulting from excessive charging, even though the offenses were treated as a single offense for punishment purposes. *See United States v. Gibson*, 11 M.J. 435 (C.M.A.1981).

█ Of course, to meet the exigencies of proof, the Government may properly allege one offense in separate ways. *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968). However, a Court of Military Review may, in the interests of justice, dismiss a multiplicious offense when the military judge has failed to do so. *United States v. Williams, supra; United States v. Gambini*, 10 M.J. 618 (A.F.C.M.R. 1980); *United States v. Haywood*, 6 M.J. 604 (A.F.C.M.R.1978), *pet. denied*, 7 M.J. 158 (C.M.A.1978).

█ Under the facts of this case, Lieutenant Lake's order to the accused to sit down was immediately after and identical in form to Sergeant Scroggins' order to sit down. Although exigencies of proof might justify such charging, we find these offenses merged. Here, we elect to dismiss the willful disobedience offense. *See United States v. Bethea*, 2 M.J. 892 (A.C.M.R. 1976); *United States v. Simpson*, 42 C.M.R. 683 (A.C.M.R.1970). The findings of guilty of Charge VI are set aside and that Charge is dismissed.

█ Defense also argues that a part of the accused's duties as a fuels specialist involves driving a truck, hence the drunk on duty offense is asserted to be a lesser offense to the drunk driving offense. *See United States v. Thacker*, 16 U.S.C. M.A. 408, 37 C.M.R. 28 (1966). Although no separate societal norms are involved in the two intoxication offenses, we conclude, under these facts, those offenses could be separately charged. *See* MCM, paragraph 76a (5); *United States v. Harrison*, 4 M.J. 332 (C.M.A.1978); *United States v. Parks*, 8 C.M.R. 542 (A.B.R.1952), *pet. denied*, 8 C.M.R. 178 (C.M.A.1953).

█ The defense also contended that the disorderly offense was an unreasonable multiplication of charges in view of the communication of a threat, assault and two failure to obey orders. In response, the prosecution claimed that the evidence demonstrated other disorderly conduct. On this record, we find sufficient justification for the separate charging of disorderly conduct given the exigencies of proof. However, we will give the benefit of any possible doubt to the defense and treat the disorderly offense as multiplicious for punishment purposes. See discussion below and *United States v. Grenier*, 18 C.M.R. 720 (A.F.B.R. 1955).

### III

In considering the defense claims as to multiplicity for punishment purposes and the trial judge's action in rejecting these assertions, we reemphasize our previous guidance on multiplicity:

> Each case must be analyzed within its own factual context, and the facts in each case are controlling. No one test can be applied to the exclusion of others. In case of doubt, judicial preference is to resolve doubts in the enforcement of a penal code against the imposition of

harsher punishment. Moreover, resolution in favor of an accused will also avoid entering "the factual morass... to resolve whether multiple charges are so integrated as to emerge as a single event subject to a single punishment." Most importantly, "sound legal judgment coupled with a measure of common sense will eliminate the needless and costly judicial process of factually resolving matters of such questionable legal worth." [Citations omitted].

*United States v. Shealy*, 9 M.J. 842, 843 (A.F.C.M.R. 1980).

 Applying these concepts, we will treat the drunk on duty and driving while drunk Charges as a single offense for punishment purposes. *United States v. Smith*, 1 M.J. 260 (C.M.A. 1976); *United States v. Parks, supra*. We also will consider the disorderly offense as multiplicious with the assault, communicating a threat and the two failure to obey offenses.

### IV

 Appellate defense counsel also claim that the admission into evidence of the accused's statements to Sergeant Woods in the fuels office that he had been drinking was prejudicial error. We disagree. In light of the other compelling evidence of guilt as to intoxication, we are convinced beyond a reasonable doubt it had no impact whatsoever. No material prejudice could have resulted and any possible error was waived by the lack of defense objection. Mil.R.Evid. 304(a).

We have considered the other errors assigned by appellate defense counsel and have resolved them adversely to the accused. In particular we find, as did the military judge, that the admission into evidence of the results of the field sobriety test and the accused's statements after his apprehension was proper. These actions of the accused were free and voluntary and occurred only after proper advice to the accused of his rights and his understanding of these same rights.

### V

 Reassessing the sentence in light of the modified findings of guilty and our findings as to multiplicity for sentence purposes, we find appropriate only so much of the sentence as provides for a bad conduct discharge, confinement at hard labor for four months and reduction to airman basic. As modified, the findings of guilty and the sentence are

AFFIRMED.

KASTL and MILLER, Judges, concur.