## UNITED STATES

v.

**Staff Sergeant Donnie G. FOSTER, FR 245–90–4211, United States Air Force.**

**ACM S25375.**

U. S. Air Force Court of Military Review.

9 Feb. 1982.

---

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before HODGSON, POWELL and MILLER, JJ.

### DECISION

PER CURIAM:

Consistent with his pleas, the accused was convicted of wrongfully communicating a threat, wrongful use and possession of marijuana, and attempting to sell a dangerous

drug, to wit: amphetamine in violation of Articles 134 and 80, Uniform Code of Military Justice 10 U.S.C. §§ 934 and 880. The sentence extended to a bad conduct discharge, six months' confinement at hard labor, forfeiture of $100.00 per month for six months and reduction to airman basic.

In a single assignment of error appellate defense counsel urge that the accused's guilty plea to attempting to sell a dangerous drug was improvident because during the *Care** inquiry he denied knowledge of the punitive regulation.

The challenged attempted transfer specification is worded:

> In that STAFF SERGEANT DONNIE G. FOSTER ... did ... attempt to sell a dangerous drug, to wit: Amphetamine, in violation of a lawful general regulation, to wit: paragraph 4–4, Air Force Regulation 30–2 . . . .

There is no requirement that an accused have specific knowledge of Air Force Regulation 30–2 or to have entertained the specific intent to violate the regulation to sustain a conviction under Article 80, *Code. supra.* *United States v. Davis* (A.F.C. M.R.1982). The plea was provident. The findings of guilty and the sentence are

AFFIRMED.

**UNITED STATES**

---

* *United States v. Care*, 18 U.S.C.M.A. 535, 40    C.M.R. 247 (C.M.R.1969).