UNITED STATES

v.

**Airman First Class Philip T. FORTNEY, FR 346–62–0601, United States Air Force.**

**ACM S25338.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 20 May 1981.

Decided Feb. 24, 1982.

On Reconsideration March 16, 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Richard A. Morgan.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

KASTL, Judge:

The accused was convicted of three marijuana-related offenses, violations of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934; two of the offenses encompassed sale and transfer of an identical 26 grams of marijuana to an undercover Office of Special Investigations agent.

At trial, the accused moved to dismiss the *sale* offense prior to entering guilty pleas to the *transfer* and the other offense; the military judge denied the motion. The accused then vigorously contested the sale, contending that he was merely an agent for the purchaser. Nevertheless, the members found the accused guilty of the sale. Prior to sentencing, the military judge advised the members that the sale and transfer were multiplicious.

I

On appeal, the accused asserts that the military judge erred by not dismissing the transfer specification *sua sponte* after the court had returned a verdict of guilty as to the sale. We perceive no error.

■ At the outset, we find no difficulty with the manner in which the transfer and sale were charged here. The Court of Military Appeals has held that transfer is not a lesser included offense of sale for findings purposes. *United States v. Fruscella*, 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971); *United States v. Maginley*, 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963). We detect no unreasonable exaggeration of the accused's conduct into seemingly separate crimes; to the contrary, a genuine issue existed for the fact finders as to whether the accused's conduct as to the 26 grams of marijuana involved merely transfer, or sale as well.

The accused insists, however, that once the verdict was rendered, no exigencies of proof remained which warranted retaining the transfer specification. The Government counters that dismissal by the military judge might well have been premature because the agency defense remained a valid appellate issue regarding the adequacy of proof as to the sale conviction. Thus, assuming (a) that the judge dismissed the transfer specification and (b) that the sale specification was reversed on review, there would be no sustainable finding as to the 26 grams of marijuana.

As we consider this issue, we believe *United States v. Haywood*, 6 M.J. 604 (A.C.M.R.1978) is instructive. There, in a well-reasoned opinion, the Army Court of Military Review considered a similar issue and commented that charges normally can be narrowed by the time of trial so as to require pleas to only one specification for each societal norm allegedly breached. Obviously, said the Army Court, this progressive refinement cannot be achieved in every case and the Government should not be compelled to elect until the last exigency is conclusively resolved. Expanding on this concept, the Army Court spelled out its concerns:

Where there is *any* genuine issue as to the adequacy of proof of an offense, however, exigencies still exist, and a specification that is multiplicious with it should not be dismissed on the grounds of multiplicity. Trial findings of guilt to multiplicious specifications that were not appropriate for dismissal prior to findings would still not constitute final resolution of exigencies of proof inasmuch as the convening authority and, in many cases, this Court have fact-finding responsibilities and authority. Accordingly, the trial judge who grants a post-findings motion to dismiss such a specification risks dismissing the only finding that a reviewing authority could have sustained based upon his resolution of the exigencies. In cases reviewed by this Court, a similar risk attaches when a convening authority disapproves findings of guilty of such specifications. [emphasis in original].

*United States v. Haywood, supra,* at 606, note 6.

■ Adopting the rationale of *Haywood,* we find that the military judge did not err by not dismissing the transfer specification *sua sponte.* Moreover, in this case, the military judge properly instructed the members that sale and transfer were multiplicious for punishment. Accordingly, we perceive no harm to the accused. See *United States v. Middleton,* 12 U.S.C.M.A. 54, 30 C.M.R. 54, 59 (1960); *United States v. Wells,* 9 U.S.C.M.A. 509, 26 C.M.R. 289, 294 (1958).

■ In the interests of fairness, a Court of Military Review may, in its discretion, dismiss a multiplicious offense. *United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968); *United States v. Gambini,* 10 M.J. 618 (A.F.C.M.R.1980). In light of *Haywood,* we direct the convening authority to dismiss either the sale or transfer specification upon completion of appellate review.

## II

■ The accused also argues that the evidence fails to overcome his agency defense as to the sale specification. The accused insists that his motive for the transaction was not financial profit but, rather, an attempt to endear himself to the female undercover agent. We find that the accused's role in the transaction was not *solely* as a procuring agent for the buyer—hence, his defense of agency fails. The transfer of possession or ostensible title to illicit drugs in exchange for money or other considerations is a sale. *See, United States v. Schultz,* 10 M.J. 581 (A.C.M.R.1980). The fact that the accused made no profit may have some bearing on his business acumen, but we believe it has little or no probative value as to the precise legal nature of his participation. *United States v. Lewis,* 49 C.M.R. 734, 737 (A.F.C.M.R.1975); *United States v. Hodge,* 48 C.M.R. 576 (A.F.C.M.R. 1974) *pet. denied,* 48 C.M.R. 999. As with any other commodity, a valid "arms-length" sale may occur in the absence of profit or, indeed, at a loss to the seller. In sum, the fact that he made no profit does not mean that the agency defense succeeds. The record satisfies us beyond a reasonable doubt that the defense of agency was correctly resolved against the accused.

## III

■ The accused asserts that the issue of entrapment was raised. We disagree. See *generally, United States v. Ponder,* 45 C.M.R. 428 (A.F.C.M.R.1972) and *United States v. Williams,* 3 M.J. 555, 557 (A.C.M. R.1977).

## IV

■ The accused also claims that the trial counsel's argument on sentencing was improper, as the staff judge advocate's review conceded, but that the consequent reduction in the sentence was inadequate to cure the error.* Out of an abundance of

* The court sentenced the accused to a bad conduct discharge, confinement at hard labor for six months, forfeiture of $300.00 per month for six months, and reduction to airman basic. As approved, the sentence is a bad conduct discharge, confinement at hard labor for four months, forfeiture of $300.00 per month for five months, and reduction to airman basic.

caution, we will independently reassess the sentence.

Reassessing the sentence, we find it nonetheless appropriate. The remaining assignments of error are resolved adversely to the accused. With the direction that the convening authority will, upon completion of appellate review, dismiss one of the two multiplicious specifications as discussed above, the findings of guilty and the sentence are

AFFIRMED.

POWELL, Senior Judge, and MAHONEY, Judge, concur.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION UPON RECONSIDERATION

MAHONEY, Judge:

In a motion for reconsideration, appellate counsel for the accused move that we reconsider our decision of 24 February 1982. There we dealt with the issue of multiplicity of two specifications charging misconduct arising from the same transaction. The accused pled guilty to wrongful transfer of marihuana and, despite his plea, was also found guilty of wrongful sale of the same marihuana. The trial judge instructed the court members that the offenses were to be considered as one for punishment purposes, but he declined to dismiss either. We held he was correct on both points.

Specifications containing bare allegations of sale and transfer do not stand in the relationship of greater and lesser offenses.

*United States v. Maginley*, 13 U.S.C.M.A. 445, 32 C.M.R. 445 (1963). Thus the two offenses are not multiplicious for findings. Our decision to order one of them dismissed was discretionary in nature. *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

Not content with the form of the granted relief, appellate defense counsel now ask that we reconsider. Their first assertion is that the accused "obtained no decision, or at least, only a deferred decision, on the issue ... of ... multiplicity." Clearly, this assertion is incorrect. We issued an order specifically directing "the convening authority to dismiss either the sale or transfer specification upon completion of appellate review." The effect of our order was to ensure that only one of the two offenses would be reflected as a conviction in the final court-martial order in the accused's case.[1] As a result of our direction to the convening authority, any issue of findings multiplicity has been mooted.

The second defense assertion is that this Court has no authority to issue the directive to the convening authority or to enforce compliance therewith. In the narrow sense, this assertion presents us no issue ripe for determination. In broader perspective however, we note that none of this Court's directives are self-executing. All of our orders and decisions are transmitted by The Judge Advocate General to an appropriate convening authority for implementation. In the entire history of this Court's existence, no case comes to mind where a convening authority has refused to obey or implement one of our directives.[2]

1. It is worth repeating at this point, that the accused was not *entitled* to have one of these specifications dismissed. It is abundantly clear that he was punished for only *one* transgression. Appellate defense counsel now seem to be claiming that, notwithstanding the discretionary nature of the relief we granted, the accused is entitled to specify its *form* (i.e.: which specification is to be dismissed), and its *timing* (i.e.: when it is to be dismissed). If this is their claim, we find it to be without merit.

2. The discretion our directive vests in the convening authority, to determine which of the two specifications to dismiss, has ample prece-

dent. Numerous orders of this Court and the Court of Military Appeals give the convening authority room to exercise his judicial discretion. When a rehearing is ordered, for example, the convening authority may decide instead to dismiss the charges. When he is ordered to reassess the sentence, with or without upper limits, the convening authority exercises broad discretion. Often, the convening authority is the one in best position to determine the precise remedy, and accordingly we grant him extensive discretion. We have, for example, ordered proceedings in revision, but granted

We perceive no need to speculate at this time as to what remedies might be appropriate in the remote possibility that our directive is not carried out.[3] We have an abiding faith in the military justice system and in the integrity of those individuals charged with making it work.

The motion for reconsideration is DENIED.

POWELL, Senior Judge, and KASTL, Judge, concur.

---

discretion to the convening authority to instead order a rehearing or dismiss the charges. *United States v. Bray*, 12 M.J. 553, 557, note 5 and accompanying text (A.F.C.M.R.1981); *United States v. Rivera*, 12 M.J. 532, 534, note 3 and accompanying text (A.F.C.M.R.1981).

3. In their reply to the motion, appellate government counsel catalog several possible forms and types of sanctions which might be applied to those failing to comply with our directive, and to ensure that the directive is carried out. *See, United States v. Bullington*, 12 M.J. 570 (A.C.M.R.1981).