**UNITED STATES**

v.

**Airman First Class William M. FOSTER, II, FR 297–44–7210, United States Air Force.**

**ACM 23307.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 Oct. 1981.

Decided 19 March 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain J. Laurens Tullock.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

Pursuant to his pleas, the accused was found guilty of one specification each of wrongful transfer, possession, and use of marihuana. Despite his pleas, he was also found guilty of two sales of marihuana. He was sentenced by the military judge to a bad conduct discharge, confinement at hard labor for one year, forfeiture of $300.00 per month for twelve months, and reduction to airman basic. In approving the sentence, the convening authority reduced the confinement at hard labor to eleven months in an attempt to compensate the accused for 30 days' illegal pretrial confinement.

In a single assignment of error, appellate defense counsel claim that the evidence is insufficient to sustain conviction of the two sale offenses because the proof fails to exclude the defense of agency. We disagree and affirm. We also direct that correct administrative credit be given for the illegal pretrial confinement.

The evidence of record discloses facts not untypical in drug prosecutions. The accused's marihuana transfer and sales were to an informant for the Air Force Office of Special Investigations (OSI). In the first specification, the accused pled guilty to transferring to her a quantity of marihuana in exchange for $25.00, on 29 May 1981. In the second and third specifications, he was convicted, contrary to his pleas, of selling marihuana to the same OSI informant. The prices quoted by the accused were $18.00 for some quantity less than half an ounce; $25.00 for half an ounce; and $60.00 for an ounce. Despite this anomalous pricing structure, the accused testified these were the prevailing market prices. In the first charged sale the informant requested from the accused a $25.00 plastic baggie of marihuana. When the informant inquired as to when she could pick up the marihuana, the accused told her he always had it. In testimony, the accused said that what he meant to indicate to her was that he would hold onto the marihuana he had obtained for her. On 17 June the accused provided her an $18.00 baggie of marihuana in exchange for $18.00.

When the accused delivered that marihuana to the informant, she inquired about purchasing a half-pound. The accused said the price would be about $45.00 per ounce. The accused asked for the money "up front," but the informant said she wanted to see the marihuana first. The accused agreed, but testified he told the informant that he would have to withdraw money from his savings account to make the purchase. A stipulation of fact established that the accused withdrew $400.00 from his account on 1 July 1981, the date the transaction was completed. At their meeting that day, the accused told the informant that the price had gone up to $50.00 per ounce, and thus the price for the half-pound would be $400.00 rather than $360.00. She paid him the $400.00, and received in return eight baggies containing marihuana weighing a total of 6.5 ounces. Following that transaction, a search of the accused's barracks room resulted in the seizure of three-quarters of an ounce of marihuana, contained in two baggies.

The accused testified that, although he told the informant he was going to use the money for a downpayment on a car, he never did purchase the car. He further testified that he never took any marihuana from the baggies he provided the informant, and that he made no profit from the transactions. His stated motive was to do a favor, although he knew the informant only slightly from duty contacts. On the first two occasions he provided her marihuana (the transfer and the first sale), it was in response to a single request by her. He also testified that on each of the three occasions he obtained marihuana for the informant, he obtained it from a different off-base source.

The military judge entered only general findings of guilty to the two sale offenses. He was not requested to and did not, *sua sponte*, make special findings which would have disclosed the law and facts upon which he relied in returning his verdict.[1]

Clearly, of course, the accused transferred marihuana to the OSI informant on 17 June and 1 July. He was not, however, charged with transfer, and that offense is not a lesser included offense under the specifications which contain only a bare allegation of sale. *United States v. Maginley*, 13

---

1. Special findings are the means by which defense counsel can determine, and make a matter of record, the law applied by the military judge sitting alone. Paragraph 74*i*, Manual for Courts-Martial, 1969 (Rev.). *See, United States v. Helton*, 10 M.J. 820, 821, note 3 and accompanying text (A.F.C.M.R.1981). In this particular case, a properly framed question would have asked the military judge to state "how, if at all, the accused acted other than solely as procuring agent for the buyer?"

U.S.C.M.A. 445, 32 C.M.R. 445 (1963).[2] Here, the government charged the sales as the most aggravated drug offenses, but did not charge the transfers and possessions involved, even though it could have done so to meet the exigencies of proof. *United States v. Fortney*, 12 M.J. 987 (A.F.C.M.R. 1982), *United States v. Haywood*, 6 M.J. 604 (A.C.M.R.1978). *See, United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).[3] As a result, unless the raised defense of agency was disproven beyond a reasonable doubt, the accused must be absolved of criminal culpability for the transactions. *Cf., United States v. Lombardi*, 14 U.S.C.M.A. 466, 34 C.M.R. 246 (1964).

In both alleged sales, the accused maintains he was acting *solely* as procuring agent for the buyer, and therefore was not a seller to that buyer. *E.g., United States v. Fruscella*, 21 U.S.C.M.A. 26, 44 C.M.R. 80 (1971). As quoted by appellate defense counsel:

> When narcotics are obtained from a seller, at no profit, by an accused at the request of a government informer and for no other reason, there can be no conviction for selling narcotics to his principal.

*United States v. Henry*, 23 U.S.C.M.A. 70, 73, 48 C.M.R. 541, 544 (1974).

■ In our analysis of the evidence, we find that the accused was not acting *solely* as procuring agent of the buyer/government informant. In addition to any "favor" he performed for the buyer, we find that the accused was also motivated by the opportunity for personal gain. First, those transactions allowed him to open or maintain his supply lines with three different distributors of marihuana. Second, the informant received substantially less marihuana than she paid for at the prices quoted by the accused. Coupled with the marihuana possessed by the accused when he was apprehended, this raises a strong inference that the accused took his profit in kind. We also note that on neither occasion was the OSI informant required to "front" the money. Particularly in the second transaction, the fact that the accused expended a substantial amount of his own funds to acquire the marihuana indicates that the accused was motivated by more than a favor to a casual acquaintance. *See, United States v. Lewis*, 49 C.M.R. 734 (A.F.C.M.R. 1975). Moreover, despite the accused's explanation in testimony, he did tell the informant that he always had marihuana, thus raising the inference he was selling from his existing stock. In conclusion, we find beyond a reasonable doubt that the accused was not the agent of the government informant, but was in fact a seller to her.

■ Our examination of the record discloses one error requiring correction. The military judge found that the 30 days' pretrial confinement was illegal, but he refused to order administrative credit therefor. In taking his action, the convening authori-

2. In appropriate circumstances, as suggested by the *Maginley* decision, a specification could be drafted to charge wrongful sale of a drug and allege the lesser included offenses of transfer and possession of the same drug. For example, the specification might read:

> In that [grade, name, organization], did, at [place], on or about [date], wrongfully sell [drug] by wrongfully transferring it from his wrongful possession to [ (another) (name) ] in exchange for [ (money) (a promise to pay money) (valuable consideration) ].

Such a specification would satisfy the requirement of a "sale:" that the possession or ostensible title to the drug be transferred in exchange for money or other consideration, *United States v. Fortney*, 12 M.J. 987 (A.F.C.M.R. 1982). By appropriate exceptions and substitutions, such a specification would allow the court to find the accused guilty of a "transfer" which is any type of disposition resulting in a change of possession. *United States v. Jones*, 39 C.M.R. 985 (A.F.B.R.1969). Also by appropriate exceptions and substitutions, the court could find the accused guilty of only "possession" which embodies the concept of physical or constructive control or dominion over the contraband. *United States v. Aloyian*, 16 U.S. C.M.A. 333, 36 C.M.R. 489 (1966).

3. Even though such offenses would be multiplicious for sentencing purposes, they would not be multiplicious for findings. In *United States v. Fortney*, 12 M.J. 987 (A.F.C.M.R.1982), our order (that either the sale or the transfer be dismissed upon the completion of appellate review) was not required by law. Rather, it was a discretionary act. *United States v. Williams*, 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

ty failed to grant administrative credit, and instead reduced the sentence by one month. That was not the correct remedy. We direct the convening authority to order the administrative credit applied to the confinement portion of the sentence as presently approved. *United States v. Larner,* 1 M.J. 371 (C.M.A.1976).

The findings of guilty and sentence are correct in fact and law and, on the basis of the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.