UNITED STATES

v.

Sergeant Aaron J. AUSTIN, FR 215–72–0189, United States Air Force.

ACM 23374.

U. S. Air Force Court of Military Review.

Sentence Adjudged 3 Dec. 1981.

Decided 20 May 1982.

Appellate Counsel for the Accused: Colonel Verlin D. Dickman, and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Lieutenant Colonel Bruce R. Houston.

Before POWELL, KASTL and MAHONEY, Appellate Military Judges.

## DECISION

MAHONEY, Judge:

■ The accused pled guilty to wrongfully using and transferring drug abuse paraphernalia in violation of paragraph 3–5, Air Force Regulation 30–2, Social Actions Program, dated 22 June 1981, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Paragraph 3–3c(12) of AFR 30–2 defines drug abuse paraphernalia as:

> Any equipment, product, or material that is used, intended to be used, or designed to be used, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, or introducing into a human body by injection, inhalation, ingestion, or otherwise, a controlled substance in violation of the Controlled Substances Act. (Title II, Comprehensive Drug abuse and Control Act of 1970 [Public Law 91–513] [21 CFR 1300–1316]).[1]

The accused also pled guilty to wrongful possession, use and transfer of marihuana in violation of Article 134, U.C.M.J., 10 U.S.C. § 934. All offenses arose out of a single incident. Marihuana provided by the accused was smoked, by him and other airmen, from a cigarette and from a soda can fashioned into a smoking device.

Prior to entering findings, the military judge granted a portion of the defense multiplicity motion. He dismissed the use of paraphernalia as multiplicious for findings with the use of marihuana. Guilty findings were entered on the remaining specifications, and the accused stands sentenced to a bad conduct discharge, confinement at hard labor for five months, forfeiture of all pay and allowances, and reduction to airman basic.

---

1. Read literally, the regulation would make criminally punishable the use, possession, sale, or transfer of air, land and water. For this proscription to be found constitutional *as applied*, those responsible for drafting charges must exercise restraint in determining the objects and circumstances which warrant charges involving drug abuse paraphernalia. *See* note 2 *infra*.

■ Appellate defense counsel contend that the judge erred in not also dismissing the transfer of paraphernalia offense as multiplicious with the transfer of marihuana offense and as an unreasonable multiplication of charges. Paragraph 26*b*, Manual for Courts-Martial, 1969 (Rev.). *See*, Paragraph 3–2, Air Force Manual 111–1, Military Justice Guide, dated 2 July 1973.[2] Although both offenses were committed by the same act—transferring burning marihuana in the soda can—we do not find as a matter of law that the military judge abused his discretion in refusing to dismiss the transfer of paraphernalia specification.

■ The military judge determined he could not properly enter findings of guilty to both the use of marihuana and the use of paraphernalia specifications, because the accused could not "use" the paraphernalia without also using the marihuana. The proscribed use of paraphernalia necessarily involves the wrongful use of an illicit drug. However, the proscribed transfer of paraphernalia does not *necessarily* involve wrongful transfer of an illicit drug. Thus, the transfer of the marihuana and the soda can smoking device were not multiplicious for purposes of findings. *United States v. Foster*, 12 M.J. 980 (A.F.C.M.R.1982). The military judge did not abuse his discretion by refusing to dismiss one of them. Nevertheless, in the exercise of our own discretion, we have determined it appropriate to dismiss the remaining paraphernalia specification. *See, United States v. Fortney*, 12 M.J. 987 (A.F.C.M.R.1982).

■ Accordingly, the findings of guilty of Charge I and its specification are set aside and ordered dismissed. Since all offenses were considered multiplicious by the trial judge, reassessment of sentence is not required. The remaining findings of guilty are correct in fact and law. The findings, as modified herein, and the sentence are correct in fact and law and, based upon the entire record, are

AFFIRMED.

POWELL, Senior Judge, and KASTL, Judge, concur.

---

2. Paragraph 3–2 states, in part,

   ... Charging an accused with every conceivable variation of his offenses imposes an unwarranted workload at trial and at all appellate levels, ... Where a multitude of offenses exist, they should be screened with a view toward trying only those which ... will permit the court-martial to consider the circumstances of the accused's offenses, and, upon conviction, impose an appropriate sentence.

   In this case, charging the accused with use and transfer of paraphernalia (in addition to the possession, use, and transfer of marihuana) was not required to meet exigencies of proof or to adequately portray the circumstances of the accused's misconduct.