UNITED STATES, Appellee,

v.

Specialist Four Jack S. LYLES, SSN 433–13–3299, United States Army, Appellant.

CM 441729.

U. S. Army Court of Military Review.

24 Sept. 1982.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Major James F. Nagle, JAGC, and Captain Guy J. Ferrante, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Major Michael L. DeBusk, JAGC, and Captain Daniel T. Hartnett, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

The appellant was convicted of attempted rape, a one-day absence without leave (AWOL), and escape from confinement, in violation of Articles 80, 86, and 95, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, and 895 (1976). His approved sentence provides for a dishonorable discharge, confinement at hard labor for four years, total forfeitures and reduction to Private E–1.

The appellant contends that the military judge erred by failing to dismiss *sua sponte* the AWOL as multiplicious for findings with the escape. The military judge treated the two offenses as multiplicious for sentencing. We find the appellant's contention without merit.

The appellant recognizes that previous decisions of the Court of Military Appeals have permitted conviction of both AWOL and escape from confinement but have required that, when both offenses arise from the same act, they be treated as one offense for sentencing. *See United States v. Welch,* 9 U.S.C.M.A. 255, 26 C.M.R. 35 (1958); *United States v. Modesett,* 9 U.S.C.M.A. 152, 25 C.M.R. 414 (1958). However, the appellant argues that these precedents should be "reexamined and discarded" in light of recent summary dispositions by the Court of Military Appeals in cases involving multiplicity for findings.

■■ A Court of Military Review has a duty to affirm findings of guilty which are not affected by errors committed at the trial. *United States v. Waymire,* 9 U.S.C.

M.A. 252, 26 C.M.R. 32 (1958); *United States v. Fleming,* 3 U.S.C.M.A. 461, 13 C.M.R. 17 (1953). *See United States v. Leslie,* 11 M.J. 131, 132 (CMA 1981). While there is authority for the proposition that appellate courts may, as a matter of judicial discretion, dismiss valid findings of guilty which are multiplicious, such action is not mandatory and should only be taken to rectify trial errors or to insure justice to the accused. *See United States v. Drexler,* 9 U.S.C.M.A. 405, 26 C.M.R. 185 (1958); *United States v. Strand,* 6 U.S.C.M.A. 297, 20 C.M.R. 13 (1955); *United States v. Fishel,* 12 M.J. 602 (ACMR 1981), *pet. denied,* 13 M.J. 20 (CMA 1982). On the basis of the holdings in *Welch* and *Modesett, supra,* we perceive no errors in this case which would warrant dismissal of one of the findings of guilty.

■ We recognize that an element of uncertainty has been introduced into the previously settled law pertaining to questions of multiplicity for findings by recent summary dispositions of the Court of Military Appeals. For example, in *United States v. Hancock,* 13 M.J. 227 (CMA 1980) (summary disposition), involving AWOL and escape charges, the Court set aside the conviction for AWOL but cited *Welch, supra,* in which the conviction of AWOL and escape were affirmed. The cryptic disposition of *Hancock* and similar cases has created confusion at the trial level, lessened the predictability of the criminal justice system and caused a wave of appellate litigation on issues involving multiplicity for findings. Nevertheless, we believe that by citing *Welch* in the *Hancock* decision, the Court of Military Appeals has clearly indicated that *Welch,* as well as *Modesett,* upon which *Welch* relied, has not been overruled. Both *Welch* and *Modesett* recognized that it is permissible to charge an accused with both AWOL and escape, so long as they are considered one offense for sentencing, as they were in this case. We consider them to be controlling. Further, we find that there was no unreasonable multiplication of charges in this case. *See* Manual for

Courts-Martial, United States, 1969 (Revised edition), paragraph 26*b*. Accordingly, we conclude that the assigned error is without merit. We have considered the remaining assignments of error and find them also without merit.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge O'DONNELL and Judge WERNER concur.