**UNITED STATES**

v.

**Staff Sergeant Ernest L. BATCHELOR, FR 246–92–2155, United States Air Force.**

**ACM S25859.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 11 Aug. 1982.

Decided 3 June 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Richard A. Morgan.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Lieutenant Colonel Andrew J. Adams, Jr.

Before KASTL, RAICHLE and SNYDER, Appellate Military Judges.

DECISION

KASTL, Senior Judge:

Upon mixed pleas, Staff Sergeant Batchelor was convicted of four marijuana-related offenses· by a military judge sitting alone as a special court-martial.

The accused possessed some quantity of marijuana at his off-base apartment on 21 May 1982. He also possessed drug abuse paraphernalia—one yellow metallic smoking pipe containing some residue—on that same date. Both items were found subsequent to a valid search of his apartment based on the accused's consent.

The accused now argues for the first time that possession of that marijuana (Specification 3 of Charge II) is multiplicious with possession of the smoking pipe with marijuana residue (the Specification of Charge I). He asks us to dismiss Specification 3 of Charge II. We decline to do so.

Lately, the courts of military review have experienced a "wave of appellate litigation on issues involving multiplicity for findings." *United States v. Lyles,* 14 M.J. 771 (A.C.M.R.1982). Concededly, in the interests of fairness, we may dismiss a multiplicious offense. *United States v. Austin,* 13 M.J. 759 (A.F.C.M.R.1982) (transfer of marijuana and soda can smoking device); *United States v. Fortney,* 12 M.J. 987 (A.F. C.M.R.1982) (sale and transfer of identical 26 grams of marijuana; accused claimed to be agent for buyer); *United States v. Gambini,* 10 M.J. 618 (A.F.C.M.R.1980) (willful disobedience of officer and failure to obey regulation). *See generally United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R. 78 (1968).

Such dismissal is not required by law; rather, it is a discretionary act. *United States v. Williams, supra; United States v. Foster,* 13 M.J. 558, 560 n. 3 (A.F.C.M.R.

1982). *See also United States v. Tyler*, 14 M.J. 811 (A.C.M.R.1982); *United States v. Lyles, supra*, at 772.

■ On the facts of the case before us, we see no requirement in either justice or fairness to so act. The offenses of which the accused was convicted reflect precisely what he pleaded guilty to below and what he was convicted of doing. Our action neither tarnishes his record with more offenses than are proper nor provides him a windfall by expunging crimes from his record after he has been properly convicted of them. *United States v. Anglin*, 15 M.J. 1010 (A.C.M.R.1983).

The other matters raised by the accused are resolved adversely to him.*

The findings of guilty and the sentence are

AFFIRMED.

RAICHLE, Judge, concurs.

SNYDER, Judge, absent.

---

\* Commendably, the military judge noted that the first page of the charge sheet failed to reflect the extension of the accused's enlistment. He then resolved the problem expeditiously on the record. We have noted several cases recently where trial participants have failed to address the matter of in personam jurisdiction; we urge renewed attention to this matter.