UNITED STATES, Appellee,

v.

Private First Class Michel R. McMASTER, SSN 462–39–6929, United States Army, Appellant.

CM 442270.

U. S. Army Court of Military Review.

13 Jan. 1983.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Raymond C. Ruppert, JAGC, Captain Dennis E. Brower, JAGC, and Captain Lawrence R. Hughes, Jr., JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Major Michael R. Smythers, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

O'DONNELL, Senior Judge:

Consistent with his guilty pleas, the appellant was convicted of drunken driving, reckless driving and involuntary manslaughter in violation of Articles 111 and 119 of the Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 919 (1976). The military judge sentenced him to a bad-conduct discharge, total forfeitures, confinement at hard labor for a year and a day, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to one year and the forfeitures to $350.00 pay per month for sixteen months and otherwise approved the sentence as adjudged.

▆ Both the drunken driving and reckless driving specifications allege as an aggravating element the fact that the appellant's conduct caused injury to Private Troy D. Snow. The involuntary manslaughter specification alleges that the appellant's culpable negligence resulted in the death of Private Snow. It is apparent from the providence inquiry that the appellant's negligence consisted of his drunken and reckless driving. Under the circumstances, the drunken and reckless driving offenses are multiplicious with the manslaughter offense for both findings and sentence.

The government relies heavily on *United States v. Mabry,* 2 M.J. 412 (A.C.M.R.1975), for a contrary result. In that case, this Court found that reckless driving and involuntary manslaughter were not multiplicious for any purpose. *Mabry* in turn relied on *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954), where the Court of Military Appeals held that drunken driving and involuntary manslaughter were not multiplicious. The continuing validity of these two decisions is questionable in view of more recent decisions of the Court of Military Appeals. In *United States v. Gibson,* 11 M.J. 435 (C.M.A.1981), the accused was convicted of attempted rape and assault with intent to commit rape. The Court of Military Appeals found that the two specifications alleged essentially the same offense as identical overt acts were alleged for both the attempt and the assault. The Court held that one of the two had to be dismissed. In the instant case, the drunken and reckless driving specifications taken together may be viewed as essentially the same offense as the involuntary manslaughter specification. As noted above, the drunken and reckless driving together constitute the culpable negligence in the manslaughter specification. The only difference is that the drunken and reckless driving as alleged in the Article 119 specification resulted in Private Snow's death while they resulted only in his injury in the Article 111 specification. But since Private Snow died as a result of these injuries, this is a difference without a distinction. *See United States v. Mallery,* 14 M.J. 212 (C.M.A.1982) (summary disposition), where the Court dismissed a drunken driving charge as multiplicious with an involuntary manslaughter charge.[1] *See also United States*

---

1. In *Beene,* the only question addressed was whether the charges were multiplicious for sentencing purposes. This was consistent with the law at that time. *See, e.g., United States v. Modesett,* 9 U.S.C.M.A. 152, 154, 25 C.M.R. 414, 416 (1958). Later the Court of Military Appeals held that charges may also be multiplicious for findings purposes with dismissal of one being the appropriate remedy. *United States v. Williams,* 18 U.S.C.M.A. 78, 39 C.M.R.

*v. Thompson,* 10 M.J. 405 (C.M.A.1981) (summary disposition), where the Court dismissed an assault charge as multiplicious with a rape charge. *Cf. United States v. Shepard,* 40 C.M.R. 579 (A.B.R.1969). In that case, the accused was convicted of involuntary manslaughter, drunken driving resulting in personal injury to others, and reckless driving resulting in personal injury to others. The Board of Review held that the drunken driving charge was multiplicious with the reckless driving charge as the injured victims were the same and dismissed the former. The Board held further that the reckless and drunken driving charges were not multiplicious with the involuntary manslaughter charge as the deceased victim was a different person.

■■■ The judge in the instant case treated the two Article 111 offenses as being multiplicious with each other for sentencing purposes but not with the Article 119 offense.[2] He determined the maximum authorized confinement to be four years when in reality it was only three years. However, under the circumstances we find no prejudice as to sentence.[3]

The findings of guilty of Charge I and its specifications are set aside and those charges are dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge WERNER concurs.

FOREMAN, Judge, dissenting:

I dissent. In *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954), the Court of Military Appeals held that drunk driving and involuntary manslaughter are separate offenses, even where the aggravating factor of injury is alleged in the drunk driving specification. *Accord United States v. Mabry,* 2 M.J. 412 (A.C.M.R.1975). *Beene* has not been overturned by the summary disposition in *United States v. Mallery,* 14 M.J. 212 (C.M.A.1982). A summary disposition is based on the particular facts of that case and disposes only of that particular case. *See United States v. Fox,* 10 M.J. 176 (C.M.A.1981).

"A finding or sentence of a court-martial may not be held incorrect on the ground of an error of law *unless the error materially prejudices the substantial rights of the accused.*" Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a) (1976) (emphasis added). In this case my brothers agree with me that there has been no prejudice as to sentence. Where there has been no substantial prejudice, we abandon our judicial duty and squander judicial resources when we spend valuable time merely tidying up the record of trial. Since there was no prejudicial error in this case, our duty is to affirm. *United States v. Waymire,* 9 U.S.C.M.A. 252, 26 C.M.R. 32 (1958); *United States v. Fleming,* 3 U.S.C.M.A. 461, 13 C.M.R. 17 (1953); *accord United States v. Lyles,* 14 M.J. 771 (A.C.M.R. 1982). *See United States v. Leslie,* 11 M.J. 131, 132 (C.M.A.1981).

78 (1968). *See United States v. Baker,* 14 M.J. 361 (C.M.A.1983). The Court in *Mabry* did not address the question of multiplicity for findings purposes.

2. The appellant did not move to dismiss any charges for multiplicity. This is not fatal when the charges are essentially the same or one is included in the other. *See United States v. Huggins,* 12 M.J. 657, 659 (A.C.M.R.1981) (O'Donnell, J., concurring). The government

incorrectly contends that any error regarding multiplicity was waived by the failure of the defense to raise it in the *Goode* review. The waiver provisions of *United States v. Goode,* 1 M.J. 3 (CMA 1975), relate to defects in the post-trial review, not to trial deficiencies.

3. Likewise, the discrepancy in the authorized punishment is not so great as to render the appellant's pleas of guilty improvident.