UNITED STATES, Appellee,

v.

Harrison M. LOTT, Private, U. S. Army, Appellant.

No. 41,022.
SPCM 15414.

U. S. Court of Military Appeals.

Jan. 31, 1983.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Major Robert D. Ganstine, Captain Joseph A. Russelburg* (on petition).

For Appellee: *Colonel R.R. Boller, Major Ted B. Borek, Major Paul G. Thomson, Captain Michael E. Pfau* (on petition).

*Opinion of the Court*

EVERETT, Chief Judge:

Two separate, but identical, specifications alleged that on February 16, 1980, appellant committed an indecent assault on Private E–1 Julie K. Cummings "by grabbing her, kissing her, and fondling her breasts and crotch, all with intent to gratify his sexual desires," in violation of Article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934. He also was charged in two identical specifications with having violated Article 92, UCMJ, 10 U.S.C. § 892, on February 16, 1980, "by touching, kissing and caressing the person and body of Private E–1 Julie K. Cummings, a female trainee," contrary to a lawful general regulation at Fort Dix, New Jersey.

At his trial on these and other charges before a military judge sitting as a special court-martial, appellant filed a motion for appropriate relief, in which he contended that the assault charges were multiplicious with those involving violations of the Fort Dix regulation and that findings of guilty should not be entered on both sets of charges.[1] This motion was denied, but after finding appellant guilty of all the charges against him, the military judge treated the assaults as multiplicious for sentencing with the violations of the Fort Dix regulation, which prohibited various contacts with trainees. The sentence adjudged was a bad-conduct discharge, 6 months' confinement, partial forfeiture of pay, and reduction to Private E–1. Upon review of the case, the Court of Military Review reduced one of the indecent assaults to assault consummated by a battery, in violation of Article 128, UCMJ, 10 U.S.C. § 928; but upon reassessment, it affirmed the original sentence.

Having considered this case in light of the analysis in *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), we are convinced that appellant should not be convicted simultaneously of a simple or indecent assault, and of violating a general regulation by committing that same assault. Therefore, the findings of guilty on the two specifications under Charge III should be set

1. Also, appellant contended unsuccessfully that the two assaults—although separated by a brief interval—should be viewed as only one offense.

aside and that charge dismissed. However, since the judge treated Charge III as multiplicious with the assault offenses for purposes of sentencing, we are convinced that appellant was not prejudiced as to the sentence adjudged.

Accordingly, the decision of the United States Army Court of Military Review is reversed as to Charge III and its specifications; the findings of guilty thereof are set aside and Charge III is dismissed. The decision as to the remaining findings and the sentence is affirmed.

Judge FLETCHER concurs.

COOK, Judge (concurring in part):

I reach the same ultimate result as my Brothers through a considerably different process. *See* my dissenting opinion in *United States v. Baker,* 14 M.J. 361 (C.M.A. 1983). Appellant was charged, *inter alia,*[1] with two violations of Fort Dix Regulation 600–2, "Personnel—General: Treatment and/or Handling of Trainees and Receptees," dated January 31, 1979, as changed by Change 1, dated May 8, 1979. This regulation prescribes a broad range of conduct between "permanent party" personnel and "trainees" or "receptees." The regulation provides rules relating to physical contact, harassment, abusive language, denial of privileges, transportation in privately owned vehicles, gambling, economic exploitation, socializing, and entry into quarters of the opposite sex. Appellant was a member of the "permanent party" within the meaning of the regulation and the victim was a "trainee."

Obviously the victim was one of the people that Fort Dix Regulation 600–2 was designed to protect. Newcomers to the service, such as the victim, are likely to be particularly vulnerable to abuses and exploitation by those of greater rank and apparent authority. However, trainees and receptees are not the only beneficiaries of such a regulation. Less obvious, but perhaps equally important, is the protection afforded the permanent parties themselves in knowing the correct limits of professional and social intercourse with trainees/receptees. Clearly their best interests are served by avoiding compromising and embarrassing relationships.

Thus, while a major purpose of the regulation is to protect trainees and receptees, this is not exclusively so. Indeed, it appears that the regulation was actually designed to establish a standard of conduct for all concerned. That such conduct is a proper subject for regulation can hardly be doubted.[2] Seen in this light, it appears that the ultimate "victim" of appellant's assault was exactly that military order and discipline which the regulation sought to promote. Even under the so-called "societal norms" theory,[3] then, these correlative offenses could theoretically be punished separately.

I do not, in fact, advocate separate punishment for these specifications. Rather, I commend the military judge for his exercise of discretion, and I would confine our review to that designated by proper authority, intervening in matters of sentence only in the case of a clear abuse of discretion. *United States v. Baker, supra* (Cook, J., dissenting). In the instant case, there was no abuse of discretion and no prejudice to appellant, since the offenses were treated as multiplicious for sentencing. There being nothing to remedy (*see* Article 59(a), Uniform Code of Military Justice, 10 U.S.C. § 859(a)), I would simply affirm the decision of the United States Army Court of Military Review.

1. In addition to the assaults and regulation violations cited in the majority opinion, appellant was convicted, contrary to his pleas, of attempted sale of marijuana, failure to repair for duty, possession of marijuana, communication of a threat, and breaking restriction, in violation of Articles 80, 86, 92, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 886, 892, and 934, respectively.

2. *See* "Deaths and Abuses of U.S. Army Trainees," Hearings before the Subcommittee on Investigations of the House Committee on Armed Services, 96th Cong., 1st Sess. (June 6, 7, and July 11, 1979).

3. *See United States v. Baker,* 14 M.J. 361 (C.M.A.1983); *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954).