**UNITED STATES, Appellee,**

v.

**Specialist Four Levester C. JORDAN, SSN 430–11–9546, United States Army, Appellant.**

**CM 443725.**

U.S. Army Court of Military Review.

30 Sept. 1983.

Colonel William G. Eckhardt, JAGC, Captain Warren G. Foote, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Daniel N. Velling, JAGC, and Captain Edmond R. McCarthy, Jr., JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Judge:

Contrary to his pleas, appellant was convicted of drunk driving and involuntary manslaughter in violation of Articles 111 and 119, Uniform Code of Military Justice, 10 U.S.C. §§ 911 and 919 (1976). He was sentenced to a bad-conduct discharge, confinement at hard labor for one year, and reduction to the grade of Private E–1. The convening authority approved the sentence.

Appellant now contends for the first time that the military judge erred in failing to dismiss on his own motion the drunk driving offense, as multiplicious for findings with the additional charge of involuntary manslaughter.

Until recently, military precedent firmly established drunk driving and involuntary manslaughter as separate offenses for both findings and sentence. *United States v. Beene,* 4 U.S.C.M.A. 177, 15 C.M.R. 177 (1954); *United States v. Mabry,* 2 M.J. 412 (A.C.M.R.1975). However, the continuing validity of this precedent has come into question as the Court of Military Appeals dismissed a drunk driving charge as multiplicious with a charge of involuntary manslaughter. *See United States v. Mallery,* 14 M.J. 212 (C.M.A.1982) (summary disposition). In a split decision, our learned brothers determined drunken and reckless driving offenses to be multiplicious with the offense of manslaughter for findings. *United States v. McMaster,* 15 M.J. 525 (A.C.M.R.1983).

Based upon the facts of this case, we decide that the charge of drunk driving is

separate from the involuntary manslaughter charge for the purpose of findings. The charge of drunk driving alleged that appellant did: "operate a motor vehicle, to wit: a passenger car while drunk." The involuntary manslaughter charge alleged that appellant did: "by culpable negligence unlawfully kill Gunter Muller by striking the vehicle in which the said Gunter Muller was driving, with a motor vehicle." The language contained within the specification of each charge is very similar to the specifications of drunk driving and involuntary manslaughter set forth in *United States v. Beene, supra* at 178, 15 C.M.R. 178.

The evidence adduced at trial reveals that on the night of the accident appellant consumed three to four "vodkas and orange juice" prior to leaving the apartment of some German national acquaintances at about 0400 hours. He then began to drive home. The government's evidence establishes that the appellant proceeded into an intersection marked by a cautionary yellow blinking traffic light at an excessive speed. Appellant's vehicle smashed into the left side of the victim's car, which had the right of way, resulting in the driver's death. After the accident, appellant appeared to the police at the scene to be under the influence of alcohol. This was confirmed by a blood alcohol test.

The facts of this case reveal that appellant's intoxication was but one factor contributing to the Court's finding of culpable negligence. The other factors included his excessive speed, violation of the right of way, and his apparent disregard of the yellow blinking signal light. As a result, the factual pattern of the case closely resembles that found in *United States v. Beene, supra,* so as to render the cases indistinguishable.

In *Beene,* at 182, 15 C.M.R. 182, the Court of Military Appeals determined that drunk driving and involuntary manslaughter were characterized by "two gravamina, two ethical norms, two duties, two sets of elements and even two sets of facts." The Court concluded that the two offenses were "wholly separate and distinct." *Id.* Since that time, the Court of Military Appeals has

found frequent occasion to address the issue of multiplicity, most recently in *United States v. Baker,* 14 M.J. 361 (C.M.A.1983), and *United States v. Doss,* 15 M.J. 409 (C.M.A.1983). Applying the analysis contained within those two cases, to the facts of this case, we recognize that there is no single test to determine whether the two offenses represent an unreasonable multiplication of charges. Since the offense of drunk driving factually overlaps with involuntary manslaughter, we must examine several examples in which the unreasonable multiplication of charges occurs in light of the facts of this case. First, the charged offenses are not related as a greater or lesser offense. Second, the two offenses are not part of an indivisible crime. Appellant committed the offense of drunk driving by driving a vehicle while intoxicated. He committed involuntary manslaughter by killing the victim by culpable negligence, in which his intoxication was but one factor of his negligence. Third, the charged offenses are not different aspects of a continuous course of conduct prohibited by one statutory provision. Congress provided two distinct charges for two separate offenses.

In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court enunciated the test that crimes are severally punishable if each requires proof of facts not demanded by the other. This rule is not to be applied in a mechanistic fashion. The President has prescribed different, more lenient procedures for trials by court-martial, in that "what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges...." Paragraph 26*b*, Manual for Courts-Martial, United States, 1969 (Revised edition). *See United States v. Doss, supra* at 411. Therefore, multiplicity must be analyzed in the context of the specific facts and elements of proof of the individual case. In this case, Congress has provided two separate criminal offenses which are established by different elements of proof. Furthermore, the offenses represent two different social norms. *See United States v. Beene, supra*

**530**

at 181, 15 C.M.R. 181. If the principle underlying the *Blockburger* rule is to retain any vitality, it must be applied to the facts of this case. To do otherwise would overturn years of precedent, and result in the unwarranted acquittal of a separate and very serious criminal offense—drunk driving.

We conclude that an unreasonable multiplication of charges did not occur under the specific facts of this case. *Beene* has not been overturned by the summary disposition in *United States v. Mallery, supra,* which is based on the particular facts of that case. *See United States v. McMaster, supra* at 527 (Foreman, J., dissenting). The military judge determined drunk driving and involuntary manslaughter to be multiplicious for sentencing, so we need not address that issue.

The findings of guilty and the sentence are affirmed.

Senior Judge CLARKE and Judge BADAMI concur.