# UNITED STATES

v.

**Staff Sergeant Roger D. LONG, FR 348–36–7306 United States Air Force.**

**ACM 25635.**

U.S. Air Force Court of Military Review.

26 Feb. 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Harry L. Heintzelman, IV.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major Kathryn I. Taylor.

Before HODGSON, FORAY and HOLTE, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The appellant, who had been drinking, was the driver of a vehicle that collided with an oncoming automobile. The collision caused the death of his passenger and serious injuries to the occupants of the other car. Under the terms of a pretrial agreement he plead guilty to negligent homicide and driving while intoxicated resulting in personal injuries. The approved sentence extends to a bad conduct discharge, 24 months confinement and reduction to airman basic.

### I

Appellate defense counsel initially contend that the negligent homicide conviction alleged under Article 134 of the Code, 10 U.S.C. § 934 cannot stand because it "creates" a homicide offense with a minimum standard below that set by Congress in Article 119, 10 U.S.C. § 919, i.e., culpable negligence as the lower limit for criminal liability in homicide offenses. This issue need not detain us long for the Court of Military Appeals has repeatedly held that negligent homicide through simple negligence is an offense under the Uniform Code of Military Justice. *United States v. Spicer*, 20 M.J. 188 (1985) APPEALS—SUMMARY DISPOSITIONS, *cert. denied* — U.S. ——, 106 S.Ct. 259, 88 L.Ed.2d 265 (1985); *United States v. Collins*, 20 M.J. 298 (1985) APPEALS—SUMMARY DISPOSITIONS; *United States v. Peeler*, 20 M.J. 374 (1985) APPEALS—SUMMARY DISPOSITIONS.

### II

The appellant next argues, citing *United States v. Mallery*, 14 M.J. 212 (C.M. A.1982), *United States v. Dorothy*, 17 M.J. 508 (A.F.C.M.R.1983) and *United States v. McMaster*, 15 M.J. 525 (A.C.M.R.1982), that the negligent homicide and drunk driving allegations are multiplicious for both findings and sentence. He maintains that the drunk driving charge must be dismissed and the sentence reassessed. We disagree and find the cited cases, which involved only drunk driving, to be factually distinguishable from the instant case which requires the prosecution to establish that the appellant's drunk driving resulted in personal injuries. The drunk driving allegations in *Mallery, Dorothy* and *McMaster* did not have this additional element. See MCM 1984, Part IV, para. 35b(3). This additional element of proof increases the maximum punishment significantly.[1] In

1. Where drunk driving has resulted in personal injuries the maximum punishment is a dishon-

*United States v. Sheffield,* 20 M.J. 957 (A.F.C.M.R.1985), we held that an accused could be separately punished for killing two riders on a motorcycle he struck with his car. There we determined that each specification required proof of a separate element not found in the other, i.e., specification 1 required proof that the accused caused the death of REB and specification 2 that the accused caused the death of UD. In discussing the issue of multiple punishment, we must determine whether the separate elements criteria reflect a distinct societal interest in punishing the offense challenged as multiplicious or if it just reflects the manner in which the specifications were drafted. *See United States v. Ridgeway,* 19 M.J. 681 (A.F.C.M.R.1984). The increased punishment for those whose drunk driving injures others demonstrates the heightened interest the drafters of the Manual had in this offense. To say that an accused's behavior that killed one person and seriously injured three others in two separate vehicles is the result of a single course of conduct does not reflect, in our view, the intent of Congress, the drafters of the Manual for Courts-Martial and the decisions of both this Court and the Court of Military Appeals. We find that neither

specification fairly embraces the other and, therefore they are not multiplicious for findings. *United States v. Baker,* 14 M.J. 361 (C.M.A.1983). We further hold there is a distinct societal interest in punishing those whose drunk driving caused injury to others. The appellant's conduct endangered many persons and he was properly separately convicted and punished for the life he took and for those he injured. *But see United States v. McKinney,* 22 M.J. 357 (C.M.A.1986) (petition granted on whether involuntary manslaughter and drunk driving resulting in personal injuries are multiplicious for findings and sentence.) For the reasons stated the findings of guilty and the sentence are

AFFIRMED.

Senior Judge FORAY and Judge HOLTE concur.

---

orable discharge, total forfeitures and 18 months confinement. If there are no injuries the punishment is limited to a bad conduct

discharge, six months confinement and total forfeitures. See MCM 1984, Part IV, para. 35.