720

UNITED STATES, Appellee,

v.

Private First Class Alexander H.
BRETT, 435–45–7068, United
States Army, Appellant.

ACMR 8700955.

U.S. Army Court of Military Review.

28 Dec. 1987.

For Appellant: Lieutenant Colonel Joel
D. Miller, JAGC, Captain Donald G. Curry,

Jr., JAGC, Captain John J. Ryan, JAGC (on
brief).

For Appellee: Colonel Norman G. Coo-
per, JAGC, Lieutenant Colonel Gary F. Ro-
berson, JAGC, Major Byron J. Braun,
JAGC, Captain George R. Gillette, JAGC
(on brief).

Before COKER, KENNETT, and
ROBBLEE Appellate Military Judges.

OPINION OF THE COURT

KENNETT, Judge:

Pursuant to his pleas, appellant was con-
victed by a general court-martial composed
of officer and enlisted members of, *inter
alia,* drunken and reckless driving result-
ing in personal injury to four passengers in
appellant's vehicle, and negligent homicide
of a fifth passenger, in violation of Articles
111 and 134, respectively, Uniform Code of
Military Justice, 10 U.S.C. §§ 911 and 934
(1982) [hereinafter UCMJ]. He was sen-
tenced to confinement for twenty-four
months, forfeiture of all pay and allow-
ances, and reduction to the grade of Pri-
vate E–1. Pursuant to a pretrial agree-
ment, the convening authority approved
only so much of the sentence as provides
for confinement for twenty months, forfei-
ture of all pay and allowances for twenty
months, and reduction to the grade of Pri-
vate E–1.

Appellant contends the military judge
erred by failing to find the aforementioned
offenses multiplicious for findings.[1] Be-
cause the military judge found the offenses
multiplicious for sentencing,[2] and so in-
structed the court members, appellant asks
only that this court consolidate the findings
of guilty into one charge and specification.
The government agrees with appellant's as-
signment of error. We disagree with ap-
pellant's contention and will not accept the
government's concession.

Each specification alleged that appellant
drove the vehicle "at nighttime and at an
excessive rate of speed for road and weath-
er conditions, and while under the influence

1. The issue of findings multiplicity was not
raised at trial.

2. The issue of sentencing multiplicity was raised
at trial by a defense motion.

of alcohol, thereby losing control of said car...."[3] The drunken and reckless driving specification lists as victims only the four passengers who were injured, and the negligent homicide specification lists as a victim only the passenger who was killed.

In support of his argument that the specifications are multiplicious for findings, appellant relies upon cases which have named the *same* victim or victims in each specification arising from a vehicular incident.[4] We find those cases inapplicable. Moreover, "in the case of offenses *against the person*, each homicide and assault against a *different victim* is a separately punishable crime." *United States v. Peterson*, 38 C.M.R. 346, 347 (C.M.A.1968) (involuntary manslaughter and aggravated assault specifications) (emphasis added). *See United States v. Parker*, 38 C.M.R. 343 (C.M.R. 1968) (robberies of different victims at same time and place were separately punishable offenses); *United States v. Mobley*, 12 M.J. 1029 (A.C.M.R.), *affirmed*, 14 M.J. 134 (C.M.A.1982) (summary disposition) (assaults on different victims were not multiplicious); *United States v. Richardson*, 2 M.J. 436 (A.C.M.R.1975) (follows *Parker*).

The "different victims" standard for determining that specifications are not multiplicious has been applied to deaths and injuries arising from operation of a vehicle. *United States v. Long*, 23 M.J. 856 (A.F.C. M.R.), *petition denied*, 25 M.J. 213 (C.M.A. 1987) (negligent homicide and drunken driving resulting in personal injuries); *United States v. Sheffield*, 20 M.J. 957 (A.F.C.M.R. 1985) (two specifications of involuntary manslaughter, each naming one but not the other of the two persons riding a single motorcycle and killed when appellant's car struck the motorcycle); *United States v. Parks*, 42 C.M.R. 545 (A.C.M.R.) *petition denied*, 42 C.M.R. 356 (C.M.A.1970) (three specifications of involuntary manslaughter and fourteen specifications of aggravated assault arising from incident in which drunk servicemember drove his vehicle through a platoon of marching soldiers); *United States v. Shepard*, 40 C.M.R. 579 (A.B.R.1969) (involuntary manslaughter and drunken and reckless driving). Accordingly, we hold that the negligent homicide specification is not multiplicious for findings with the specification alleging drunken and reckless driving resulting in personal injuries as each specification names a different victim or victims. We note that appellant received a windfall when the military judge instructed that the specifications were multiplicious for punishment purposes.

The issue personally asserted by appellant is without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge COKER and Judge ROBBLEE concur.

**3.** The car struck a tree, resulting in injuries to appellant and four other soldiers who were passengers in the back seat of the car, and in the death of a German female passenger in the front seat.

**4.** *United States v. Hobart*, 24 M.J. 428 (C.M.A. 1987) (summary disposition) (drunken driving and reckless driving specifications); *United States v. McKinney*, 24 M.J. 421 (C.M.A.1987) (summary disposition) (drunken driving and involuntary manslaughter specifications); *United States v. Zayas*, 24 M.J. 132 (C.M.A.1987) (drunken driving and involuntary manslaughter specifications); *United States v. Mallery*, 14 M.J. 212 (C.M.A.1982) (summary disposition) (drunken driving and involuntary manslaughter specifications) (because the Court of Military Appeals' summary disposition in *Mallery* did not specify which Articles of the UCMJ were violated, we have taken judicial notice of records on file with the Clerk of our Court to ascertain that Articles 111 and 119 were at issue).